**EXHIBIT A**

Timothy P. Rumberger, Esq (SBN 145984)
**Law Offices of Timothy P. Rumberger**
1339 Bay Street
Alameda, California 94501
tim@rumbergerlaw.com
phone: 510-841-5500
Fax: 510-521-9700

Attorneys for Plaintiff

**FILED**
San Francisco County Superior Court

OCT 14 2014

CLERK OF THE COURT
BY: _David Yuen_
Deputy Clerk

IN THE SUPERIOR COURT IN THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

(UNLIMITED JURISDICTION)

| | |
|---|---|
| JOSE VASQUEZ, | Case No. **CGC-14-542164** |
| Plaintiff, | **COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION** |
| vs. | |
| WELLS FARGO BANK NATIONAL ASSOCIATION, a Nevada corporation, and DOES 1 through 50, | **DEMAND FOR JURY TRIAL** |
| Defendants. | Related cases: CGC **13-534620** CGC 13-535636 |

Plaintiff JOSE VASQUEZ complains and alleges as follows:

**PRELIMINARY STATEMENT**

1.     JOSE VASQUEZ hereby "opts out" of his rights to recover by settlement or judgment through the pending class action (case no. CGC 13-535636), brought through CESAR ASCARRUNZ on behalf of all California Home Mortgage Consultants who were not paid commission wages by virtue of having their employment involuntarily terminated, purportedly for alleged "misconduct" by defendant WELLS FARGO BANK NATIONAL ASSOCIATION, and/or DOES 1 through 50, inclusive, (collectively "Defendant" and/or "WELLS FARGO") within the applicable class period.

2.     JOSE VASQUEZ seeks unpaid commission payments, interest thereon and other penalties, equitable relief, and reasonable attorneys' fees and costs under, *inter alia*, Title 8 of the California

1   Code of Regulations, California Business and Professions Code §17200, *et seq.*, California Code of

2   Civil Procedure §1021.5, and various provisions of the California Labor Code, together with all

3   commission wages he would have otherwise received *but for* WELLS FARGO's wrongful

4   conduct.

5   3.      Plaintiff believes and thereupon alleges that WELLS FARGO is an American multinational

6   banking and financial services holding company with operations around the world. It is  the second

7   largest bank in deposits, home mortgage servicing, and debit cards. In 2012, Wells Fargo had more

8   than 9,000 retail branches and over 12,000 automated teller machines in 39 states and the District

9   of Columbia. It has over 270,000 employees and over 70 million customers and as of July 12,

10  2013, Wells Fargo became the world's biggest bank by market capitalization, worth $236 billion.

11  It is headquartered in San Francisco, California, with "hubquarters" throughout the country. The

12  firm's primary U.S. operating subsidiary is Defendant Wells Fargo Bank, National Association.

13  4.      Plaintiff JOSE VASQUEZ was employed by WELLS FARGO from 2004 -2005, and then

14  again (upon Wachovia being acquired by Wells Fargo) from 2009  to October 15, 2012, as a Home

15  Mortgage Consultant (HMC) and was paid on a commission wage basis on loan business he

16  originated for WELLS FARGO.

17  5.      As of October 15, 2012, a total of 44 loans originated by JOSE VASQUEZ were pending,

18  having a total loan value in excess of $15 million (*i.e.* $15,846,817), with projected commissions

19  of at least $67,179, which JOSE VASQUEZ would have received as commission wages, had his

20  employment with WELLS FARGO regarding these loans continued.

21  6.      On October 15, 2012,  Plaintiff JOSE VASQUEZ was informed by his WELLS FARGO

22  then-manager JOVAN OBANDO that he was being involuntarily terminated, effective

23  immediately, purportedly for failing to provide an asset/bank statement for one of the 44 loans

24  JOSE VASQUEZ had originated – one which WELLS FARGO nonetheless ultimately funded (for

25  borrower "Silverman") and has profited thereby.  As with all Home Mortgage Consultants, JOSE

26  VASQUEZ was not provided with reasonable opportunity to contest the allegations of misconduct.

27  7.      During Plaintiff's employment, Defendant has had a consistent policy withholding

28  commission payments for any Home Mortgage Consultant whose involuntary termination is

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

1   labeled by WELLS FARGO as one purportedly for alleged "misconduct." WELLS FARGO

2   defines "misconduct" incredibly broadly such that it includes any conduct that violates any of its

3   internal policies. This provision allows WELLS FARGO to unilaterally avoid paying Home

4   Mortgage Consultants commission wages simply by labeling the termination as one for misconduct

5   or violation of an internal policy.

6   8.      Plaintiff JOSE VASQUEZ received none of the commission wages for any of the loans he

7   originated that had not closed as of his October 15, 2012 involuntary termination date.

8   9..     Despite actual knowledge of its legal mandates, Defendant has and continues to enjoy an

9   advantage over its competition and a resultant disadvantage to its workers by electing not to pay all

10  commissions and/or "penalty" (a.k.a. "waiting time") wages owed to HMCs involuntarily

11  terminated, such as Plaintiff JOSE VASQUEZ.

12  10.     Plaintiff is informed and believes and, based thereon, alleges that officers of WELLS

13  FARGO knew of these facts and the applicable legal mandates yet, nonetheless, repeatedly

14  authorized and/or ratified the violation of the laws cited herein.

15  11.     Despite Defendant's knowledge of JOSE VASQUEZ's entitlement to be paid all

16  compensation owed at the time of termination (including commissions), Defendant failed to

17  provide the same to Plaintiff, in violation of California state statutes, the applicable California

18  Industrial Welfare Commission Wage Order, and Title 8 of the California Code of Regulations.

19

20                          **JURISDICTION AND VENUE**

21  12.     This Court has jurisdiction over this action because the amount in controversy exceeds

22  $25,000.  The amount of unpaid commissions to which Plaintiff was entitled totals at least $67,179

23  principal, plus interest thereon and penalties for nonpayment thereof.

24  13.     Pursuant to California Code of Civil Procedure §395(a), venue is proper in the County of

25  San Francisco because Defendant's obligations and liability arose, at least in part, therein.

26

27                                  **PLAINTIFF**

28  14.     Plaintiff JOSE VASQUEZ is a natural person who was employed by Defendants as a Home

- 3 -

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

Mortgage Consultant in California, most recently from 2009 through October 15, 2012, at which time he was involuntarily terminated for alleged misconduct.  At the time of his termination, Plaintiff had originated loans for which he would otherwise have received commission wages in the amount of $67,179, "but for" Defendant's termination of him, which he has not received, as follows:

| | Borrower | Loan Amount | Commissions |
|---|---|---|---|
| *Loans Closing within 30 days after Termination* | | | |
| 1 | Bradburn | 243000 | 1044 |
| 2 | Duda | 1000000 | 4300 |
| 3 | Barstow | 277900 | 1194 |
| 4 | Jasso | 172000 | 739 |
| | *Subtotal* | 1692900 | $7,277 |
| *Loans Closing after 30 days post-Termination* | | | |
| 1 | Armstrong | 359000 | 1543 |
| 2 | Badhesa | 243000 | 1044 |
| 3 | Baldwin | 247300 | 1493 |
| 4 | Baldwin | 243975 | 1049 |
| 5 | Cruz | 242200 | 1040 |
| 6 | Cruz | 300000 | 1290 |
| 7 | Cruz | 399400 | 1717 |
| 8 | Cruz | 299700 | 1288 |
| 9 | Cruz | 500000 | 2150 |
| 10 | Graham | 417000 | 1793 |
| 11 | Grimes | 307706 | 1323 |
| 12 | Hunter | 147300 | 633 |
| 13 | Maclean | 406000 | 1745 |
| 14 | Molinari | 395300 | 1699 |
| 15 | Silverman | 609700 | 2621 |
| 16 | White | 244500 | 1051 |
| 17 | Batastini | 168000 | 722 |
| 18 | Lang | 125000 | 537 |
| 19 | Silverman | 609700 | 2621 |
| | *Subtotal* | 6264781 | $27,359 |
| *Loans that Wells Fargo failed to close* | | | |
| 1 | Bueche | 463000 | 1944 |
| 2 | Bueche | 459000 | 1973 |

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

| | | | | |
|---|---|---|---|---|
| 3 | Kaplan | | 569000 | 2446 |
| 4 | Ramirez | | 544000 | 1049 |
| 5 | Ramirez | | 393000 | 1650 |
| 6 | Ramirez | | 541400 | 2328 |
| 7 | Ramirez | | 625500 | 2689 |
| 8 | Ramirez | | 124500 | 535 |
| 9 | Rau | | 307400 | 1321 |
| 10 | Yarnell | | 417000 | 1793 |
| 11 | Freeland | | 496727 | 2140 |
| 12 | Galvan | | 435000 | 1870 |
| 13 | Hall | | 360477 | 1550 |
| 14 | Handloser | | 155000 | 666 |
| 15 | Ibara | | 269000 | 1156 |
| 16 | Moore | | 597000 | 2567 |
| 17 | Przonek | | 242000 | 1040 |
| 18 | Przonek | | 401000 | 1724 |
| 19 | Skovorodkg | | 100132 | 430 |
| 20 | Steiner | | 122000 | 524 |
| 21 | Weeks | | 267000 | 1148 |
| | *Subtotal* | | 7889136 | 32543 |
| | | | | |
| 44 | **TOTAL** | | $15,846,817 | $67,179 |

15.     Plaintiff is informed and believes that WELLS FARGO never paid any of the commissions

he would otherwise have received to *any other* HMC, but either kept or lost the commission wages

that JOSE VASQUEZ would otherwise had received for his labor in originating these loans.


## DEFENDANT

16.     Plaintiff is informed and believes, and based thereon, alleges that at all times herein

relevant, Defendants conducted business in the state of California.

17.     The true and correct names and capacities of DOES 1 through 50, inclusive, are unknown

to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and

believes and thereon alleges that each of said fictitious Defendants caused injury and damages to

Plaintiff.

18.     Defendants DOES 1 through 10 are individuals employed by Defendant.

19.     At all times relevant herein, Defendant and DOES 11-50 inclusive were and are

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

1  employer(s) and person(s) within the definition of California Labor Code §18, California Wage

2  Order No. 4-2001(2)(O), and California Business and Professions Code §17201.

3  20.    The Plaintiff is informed and believes and, on that basis, alleges that at all relevant times

4  herein mentioned, each of the Defendants, including DOES 1 through 50, were the agents,

5  employees, supervisors, employers, alter egos, and/or joint venturers of the remaining defendants,

6  and were acting both individually and in the course and scope of such relationship, and/or as an

7  integrated enterprise, and/or as joint employers, with the knowledge and/or consent of the

8  remaining Defendants.

9  21.    WELLS FARGO violated the applicable IWC Wage Order and/or Labor Code provisions

10 by failing to pay all commissions owed to Plaintiff JOSE VASQUEZ at the time of his termination.

11 22.    WELLS FARGO violated California Business and Professions Code §17200, *et seq.* by

12 failing to pay by failing to pay all commissions owed to Plaintiff JOSE VASQUEZ at the time of

13 their termination.

14 23.    WELLS FARGO violated California Labor Code §§201-204 and §510 by failing to pay

15 overtime wages due and owing at the time that Plaintiff's employment with Defendant terminated.

16 24.    Plaintiff is entitled to "waiting time" penalties, pursuant to California Labor Code §203;

17 25.    Plaintiff further seeks injunctive relief is an appropriate remedy by which to prevent and/or

18 halt its policy perpetuating the violations alleged herein from continuing.

19

20                              **FACTUAL ALLEGATIONS**

21 26.    As described herein, for years Defendant's policy has been that Home Mortgage

   Consultants in California who are terminated involuntarily for alleged misconduct forfeit their right

22 to receive otherwise earned commissions simply by virtue of their having been terminated due to

23 whatever alleged misconduct WELLS FARGO may unilaterally decide to label as such.

24 27.    Defendant's commission plan for Home Mortgage Consultants was described in policy

25 documents. These policy documents include, but are not limited to 2012 Incentive Compensation

26 Plan for Home Mortgage Consultants (the "2012 Commission Plan"). Plaintiff believes and

27 thereupon alleges that WELLS FARGO's commission plans are substantively identical for the

28

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

1  remaining years of the class period.

2  28.    According to Section IV of the 2012 Commission Plan:

3          Employee's total compensation shall be comprised solely of (a) hourly pay
           (Advances on Commissions), (b) commissions, bonuses and other
4          incentives earned, if any, per Plan terms, in excess of advances, and (c)
           overtime premiums for overtime hours worked in accordance with
5          applicable law. For all Plan provisions, a basis point ("bp") shall be
           defined as one one-hundredth of one percent (1 bp = 0.0001 or 0.01%)....
6          [C]ommission credit will be granted on the last day [of] the month in
           which the loan actually funds (i.e. disbursement of funds to the
7          closing/settlement agent). Funded loans will be reported in dollars and
           units on the Actual versus Plan (AVP) branch Profit and Loss (P&L)
8          statement.

9  29. Section IV(B) of the 2012 Commission Plan states:

10         Commission rate of pay under this Plan is determined by the type of
           residential mortgage and the monthly funded volume (dollars '$' or units)
11         of residential mortgage business secured by Employee....The Standard
           Commission Schedule determines the commission rate based on the
12         Employee's monthly funded and referred dollar volume that funds or
           funded and referred units that fund, whichever is greater. The higher rate
13         derived from the schedule per units or dollar volume applies.

14  30. According to Section V of the 2012 Commission Plan:

15         [N]et commissions (gross commissions less hourly pay advances) shall be
           paid on the last pay period of each month based on the actual funding of
16         mortgage loans originated by Employee during the previous month.

17  31.  The 2012 Commission Plan addresses situations where a Home Mortgage Consultant leaves

18  the Defendant's employment. For employees who are transferred or promoted out or who

19  voluntarily resign, the 2012 Commission Plan provides:

20         Eligible for monthly commission credit for eligible loans which fund
           within thirty (30) days after termination of employment, or in accordance
21         with state law. No commission credit shall be awarded for loans which
           fund more than thirty (30) days after the date of termination of
22         employment.

23  32.    However, for employees who are involuntarily terminated by Defendant due to alleged

24  "misconduct," the 2012 Commission Plan provides:

25         Failure to meet minimum standards and requirements disqualifies
           Employee from earning compensation under the Plan. **No monthly**
26         **commission credit shall be awarded for loans which fund in the month**
           **of termination.**

27  33.    The 2012 Commission Plan defines "misconduct" incredibly broadly to mean:

28

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

For purposes of this Plan, Misconduct means (i) Employee's receipt of notice of termination by Employer arising from 1) Employee's continued failure to substantially perform Employee's job duties, after receipt of written notice from Employer of the performance issues; 2) Employee's conviction of a crime that Employer determines requires termination or an act or omission that Employer determines renders Employee unbondable; 3) Employee's violation of Employer's policies including, but not limited to, Wells Fargo's Code of Ethics and Business Conduct, Information Security Policy or Compliance and Risk Management Accountability Policy; 4) violation of statutory, regulatory or any other compliance requirements applicable to Employer's business activities; 5) a breach of Employee's Employment Agreement or Trade Secrets Agreement with Employer and all exhibits and attachments thereto; and/or 6) brokering loans outside of Employer or one of its affiliates without Employer's knowledge and approval.

34.    Plaintiff was a wells Fargo Home Mortgage Consultant and subject to the 2012 Commission Plan as well as the commission plans in effect during the previous years included in the class period herein.

35.    On October 15, 2012, Plaintiff was involuntarily terminated by WELLS FARGO, for alleged misconduct, with over $15 million in loans he originated for 44 borrowers pending, as set forth above, entitling JOSE VASQUEZ to an expectation of commission wages of at least $67,179.

36.    These commissions would have been received by Plaintiff had he continued to be employed by WELLS FARGO.

37.    Despite the fact that Plaintiff should have been paid the $67,179 in commissions, WELLS FARGO refused and continues to refuse to pay Plaintiff any portion of the $67,179 in commissions owed.

38.    In addition to the $67,179 in unpaid commission wages which were not paid under WELLS FARGO's commission plan; Plaintiff is further entitled to interest on the unpaid commission wages, at 10% per anum, in the current unpaid sum of $13,436.

39.    Defendant's refusal to pay Plaintiff his earned commissions at the time of termination is a blatant violation of the California Labor Code, including Sections 201-203.

40.    California Labor Code §§201 and 202 require Defendant to pay severed employees all wages due and owed (including commissions) to the employee immediately upon discharge or within 72 hours of resignation of their positions, in most circumstances. California Labor Code §203 provides that an employer who willfully fails to timely pay such wages must, as a penalty,

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

1    continue to pay the subject employees' wages until the back wages are paid in full or an action is

2    commenced, and the payment of such penalty shall continue for a period of time up to 30 days.

3    41.    Plaintiff is entitled to his unpaid commission wages, yet, to date, he has not received such

4    compensation despite having his employment terminated by from Defendant. More than 30 days

5    have passed since Plaintiff left Defendant's employ.

6    42.    As a consequence of Defendant's willful conduct in not paying Plaintiff all compensation

7    owed in a prompt and timely manner, Plaintiff is entitled to up to 30 days wages as a penalty under

8    Labor Code §203, together with attorneys' fees and costs.

9    43.    As such, in addition to the **$67,179** in unpaid commission wages, and **$13,436** in unpaid

10   interest on the unpaid commission wages, Plaintiff is further entitled to **$16,000** in penalties

11   pursuant to Labor Code Sections 201 and 203 (the amount approximating JOSE VASQUEZ

12   average 30 day wage amount with Wells Fargo in 2012).

13   44.    As a further direct and proximate result of Defendant's unlawful conduct, as set forth

14   herein, Plaintiff is entitled to recover "waiting time" penalties (pursuant to California Labor Code

15   §203) in an amount to be established at trial.

16   45.    As a further direct and proximate result of Defendant's unlawful conduct, as set forth

17   herein, Plaintiff is also entitled to recover costs and attorneys' fees pursuant to California Labor

18   Code §218.5, 1194 and/or California Civil Code §1021.5, among other authorities.

19   46.    Plaintiff further seeks injunctive relief prohibiting Defendant from engaging in the

20   complained-of illegal labor acts and practices in the future. Plaintiff also seeks restitution of costs

21   incurred by Plaintiff under California's Unfair Competition Law. Unless enjoined, Defendant's

22   unlawful conduct will continue unchecked, while the Plaintiff has borne the financial brunt of

23   Defendant's unlawful conduct. As a further direct and proximate result of Defendant's unlawful

24   conduct, as set forth herein, Plaintiff is also entitled to recover costs and attorneys' fees, pursuant

25   to statute.

26

27

28

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

### First Cause of Action
### Failure to Pay Wages on Termination
### (Against all Defendants)
### (California Labor Code § 203)

47.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

48.    California Labor Code Section 200 provides that, as

        (a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation.

        (b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

49.    California Labor Code §203 provides that:

        If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

50.    Plaintiff was employed by Defendant, and terminated on or about October 15, 2012, for alleged misconduct during the class period.

51.    Solely because his termination was characterized unilaterally by WELLS FARGO as one for "misconduct," Defendant caused him to forfeit commission wages that he earned and would otherwise have received.  Said non-payment of commissions to Plaintiff was the direct and proximate result of a willful refusal to do so by the Defendant.

52.    More than thirty days have elapsed since Plaintiff was terminated for alleged misconduct from Defendant's employ.

53.    As a direct and proximate result of Defendant's willful conduct in failing to pay Plaintiff for all commissions he was owed, Plaintiff remains entitled to recover his forfeited commissions as well as "waiting time" penalties of up to thirty days' wages pursuant to Labor Code §203 in an amount to be established at trial, together with interest thereon, and attorneys' fees and costs, in addition to or in lieu of some or all such waiting time penalties, nominal, actual and compensatory

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

1   damages according to proof at the time of trial, but in amounts in excess of the minimum

2   jurisdiction of this Court.

3

4                           **Second Cause of Action**
                          **Failure to Pay Overtime Wages**
5                             **(Against all Defendants)**
                      **(California Labor Code §510, §1194)**
6

7   54.    Plaintiff incorporates in this cause of action each and every allegation of the preceding

8   paragraphs, with the same force and effect as though fully set forth herein.

9   55.    California Labor Code Section 510(a) provides that,

10              (a) Any work in excess of eight hours in one workday and any work in
                excess of 40 hours in any one workweek and the first eight hours worked
11              on the seventh day of work in any one workweek shall be compensated at
                the rate of no less than one and one-half times the regular rate of pay for
12              an employee.

13

14  56.    California Labor Code Section 1194(a) provides that,

15              (a) Notwithstanding any agreement to work for a lesser wage, any
                employee receiving less than the legal minimum wage for the legal
16              overtime compensation applicable to the employee is entitled to recover in
                a  civil action the unpaid balance of the full amount of this minimum wage
17              or  overtime  compensation,  including  **interest**  thereon,  reasonable
                **attorneys fees**, and **costs** of suit.

18

19  57.    Plaintiff was employed by Defendant and terminated on or about October 15, 2012.

20  58.    Solely because his termination was characterized unilaterally by WELLS FARGO as one

21  for "misconduct," Defendant caused him to forfeit commission wages that he earned at the

22  overtime rate, and would otherwise have received had he resigned from employment or had his

23  employment been terminated for any reason other than alleged "misconduct." Said non-payment of

24  overtime commissions to Plaintiff was the direct and proximate result of a willful refusal to do so

25  by the Defendant.

26  59.    As a direct and proximate result of Defendant's willful conduct in failing to pay Plaintiff

27  for all overtime commissions he was owed, Plaintiff is entitled to recover their forfeited overtime

28  commission wages pursuant to Labor Code §510 in an amount to be established at trial, together

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

1    with interest thereon, and attorneys' fees and costs, pursuant to Labor Code §1194.

2

3                               **Third Cause of Action**
     **Intentional and/or Negligent Interference with Prospective Economic Relations**
4                           **(Against all Defendants)**
                          **(CACI 2202 and/or 2203)**
5

6    60.    Plaintiff incorporates in this cause of action each and every allegation of the preceding

7    paragraphs, with the same force and effect as though fully set forth herein.

8    61.    Plaintiff JOSE VASQUEZ, WELLS FARGO, DOES 1-50, and the prospective borrowers

9    identified above in Paragraph 14, had an economic relationship that would more likely than not

10   have resulted in an economic benefit to JOSE VASQUEZ "but for" the acts and omissions of

11   Defendants.

12   62.    Defendants knew of this ongoing relationship, *i.e.* JOSE VASQUEZ's origination of loans

13   on behalf of the prospective borrowers, and intended to and/or negligently acted or failed to act so

14   as to disrupt those economic relationships which would, more likely than not, have resulted in an

15   economic benefit to JOSE VASQUEZ, but for the act(s) of Defendant in failing to process and

16   close the loans on behalf of all those qualified individuals on whose behalf Plaintiff had originated

17   the referenced loans.

18   63.  Defendants knew that these relationships would be disrupted if WELLS FARGO and DOES 1-

19   50 failed to act with reasonable care.

20   64.    Defendants failed to act with reasonable care.

21   65.    Defendants' failure to act with reasonable care was particularly in bad faith given the

22   fiduciary duties owed by WELLS FARGO both to Plaintiff JOSE VASQUEZ and to the borrowers

23   listed in paragraph 14 herein whose loans WELLS FARGO failed to process upon terminating

24   Plaintiff.

25   66.    Defendants' failure to act with reasonable care disrupted the economic relationship

26   established by Plaintiff JOSE VASQUEZ with these prospective borrowers, and such failure was a

27   substantial factor in causing economic harm to JOSE VASQUEZ by the amount of the lost

28   commissions that would otherwise have been paid to Plaintiff.

                                          - 12 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Fourth Cause of Action**
**Unfair Business Practices Under the Unfair Competition Law**
**(Against All Defendants)**
**(California Business & Professions Code §§ 17200-17208)**

67.     Plaintiff realleges and incorporates each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

68.     California Business and Professions Code § 17200 *et seq*. prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

69.     Beginning at an exact date unknown to Plaintiff, but continuing during Plaintiff's employment, Defendant committed unlawful acts as defined by California Business and Professions Code § 17200.  Defendant's unlawful and unfair business practices include, but are not necessarily limited to violations of the requirements of Labor Code §§ 203, 218.5, and the applicable Wage Orders.

70.     The knowing conduct of Defendant, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business and Professions Code §§ 17200-17208.  Specifically, Defendant conducted business activities while failing to comply with the legal mandates herein.

71.     Defendant's knowing failure to adopt policies in accordance with, and/or to adhere to these laws, all of which are binding upon and burdensome on its competitors, engenders an unfair competitive advantage for Defendant, thereby constituting an unfair business practice, as set forth in California Business and Professions Code § 17208.

72.     Business and Professions Code §17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.  As a direct and proximate result of the aforementioned acts, the Plaintiff was injured and suffered the loss of money in the amount of forfeited commissions that he was otherwise entitled to receive.  Plaintiff is entitled to restitution pursuant to Business and Professions Code §§ 17203 and 17208 for all commissions unlawfully withheld from him as a result of Defendant's unlawful and unfair conduct.

73.     Plaintiff's success in this action will enforce important rights affecting the public interest.

- 13 -

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

1    Plaintiff seeks, and is entitled to, injunctive relief as well as all other appropriate equitable

2    remedies. Injunctive relief is necessary and appropriate to prevent Defendant from repeating the

3    wrongful business practices alleged herein.

4

5                                   **RELIEF SOUGHT**

6           **WHEREFORE, the Plaintiff** prays for judgment and the following specific relief against

7    **Defendants, and each of them,** jointly and separately, as follows:

8    1.     That the Court declare, adjudge, and decree that Defendant violated the California Labor

9    Code and the applicable California Industrial Welfare Commission Wage Order as to the Plaintiff;

10   2.     That the Court declare, adjudge, and decree that Defendant willfully violated its legal duties

11   to pay all commissions owed under the California Labor Code and the applicable California

12   Industrial Welfare Commission Wage Orders;

13   3.     That the Court declare, adjudge, and decree that Defendant willfully violated its legal duties

14   to pay all wages, including overtime wages owed under the California Labor Code owed to the

15   Plaintiff;

16   4.     That the Court make an award to the Plaintiff of damages and/or restitution for the amount

17   of unpaid overtime compensation, including interest thereon, and penalties in an amount to be

18   proven at trial;

19   5.     That the Court make an award to the Plaintiff for damages in the amount of all

20   commissions the Plaintiff would have received but for Defendants' interference with Plaintiff's

21   prospective economic relations with the qualified borrowers whose loans Plaintiff had initiated

22   which WELLS FARGO failed to close.

23   6.     That the Court order Defendant to pay restitution to the Plaintiff due to Defendant's

24   unlawful activities, pursuant to California Business and Professions Code §§17200-17208;

25   7.     That the Court further enjoin Defendant, ordering it to cease and desist from unlawful

26   activities in violation of California Business and Professions Code §17200, *et seq.*

27   8.     That the Court order Defendant to pay penalties pursuant to the Private Attorney General

28   Act;

- 14 -

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

1    9.      For all other Orders, findings and determinations identified and sought in this Complaint;

2    10.     For interest on the amount of any and all economic losses, at the prevailing legal rate;

3    11.     For reasonable attorneys' fees, pursuant to California Labor Code §1194 and/or California

4    Code of Civil Procedure §1021.5; and;

5    12.     For costs of suit and any and all such other relief as the Court deems just and proper.

6

7                                **DEMAND FOR JURY TRIAL**

8            Plaintiff hereby demands a jury trial for each cause of action for which he is entitled to a

9    jury trial.

10

11                                      Respectfully submitted,

12

13   DATED: October 14, 2014

14                                    By:_____
                                         TIMOTHY P. RUMBERGER, Esq.
15                                       Counsel for Plaintiff JOSE VASQUEZ

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

**EXHIBIT B**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO:)*

WELLS FARGO BANK NATIONAL ASSOCIATION, a Nevada
Corporation, and DOES 1 through 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE:)*

JOSE VASQUEZ

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | **CASE NUMBER:**<br>*(Número del Caso):* |
|---|---|
| San Francisco Superior Court<br>400 McAllister Street, San Francisco, CA 94102 | CGC-14-542164 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Timothy P. Rumberger, Esq. #145984, 1339 Bay Street, Alameda , CA 94501. (510) 841-5500

| DATE:<br>*(Fecha)* | OCT 1 4 2014 | CLERK OF THE COURT<br>*(Secretario)* | Clerk, by<br><br>DAVID W. YUEN | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT C**

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   THOMAS R. KAUFMAN, Cal. Bar No. 177936
2  tkaufman@sheppardmullin.com
   DANIELLE L. LEVINE, Cal. Bar No. 280390
3  dlevine@sheppardmullin.com
   1901 Avenue of the Stars, 16th Floor
4  Los Angeles, California 90067
   Telephone:    310.228.3700
5  Facsimile:    310.228.3701

6  Attorneys for Defendant
   WELLS FARGO BANK, N.A.

7



8

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   COUNTY OF SAN FRANCISCO

11  JOSE VASQUEZ, an Individual              Case No.  CGC-14-542164

12              Plaintiff,                   **DEFENDANT WELLS FARGO BANK,
                                             N.A.'S ANSWER TO PLAINTIFF'S
13  v.                                       UNVERIFIED COMPLAINT**

14  WELLS FARGO BANK, NATIONAL               Complaint filed:  October 14, 2014
    ASSOCIATION. A Nevada Corporation (sic),
15  , and Does 1 through 50, inclusive,

16              Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

Defendant Wells Fargo Bank, N.A. ("Defendant"), for itself and no others, hereby answers the unverified Complaint of Plaintiff Jose Vasquez ("Plaintiff"), as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30, Defendant denies, generally and specifically, each and every allegation, statement, and matter, and each purported cause of action contained in Plaintiff's Complaint, and, without limiting the generality of the foregoing, denies generally and specifically that Plaintiff has been damaged in any way at all by reason of any acts or omissions of Defendant.

## ADDITIONAL DEFENSES

In further answer to Plaintiff's Complaint, Defendant alleges the following additional defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.      As to Plaintiff's Complaint, or any purported cause of action therein alleged, Plaintiff fails to state facts sufficient to constitute claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.      To the extent Plaintiff seeks to recover under the Labor Code Private Attorneys General Act ("PAGA"), his claim is barred by the one-year statute of limitation applicable to that claim.

## THIRD AFFIRMATIVE DEFENSE

### (Good Faith Compliance - No Willful Violation of Labor Code Section 203)

3.      Plaintiff's claim for waiting time penalties is barred because, at all times relevant and material herein, Defendant acted in good faith and had reasonable grounds for believing that it paid Plaintiff all wages she was due and owing at termination.

1

### FOURTH AFFIRMATIVE DEFENSE

2

#### (Excessive Penalties Unconstitutional)

3       4.      The penalties claimed by Plaintiff in this case are excessive and thus violate

4   Defendant's rights under the state and federal Constitutions.

5

### FIFTH AFFIRMATIVE DEFENSE

6

#### (Estoppel)

7       5.      Defendant is informed and believes and, based on such information and belief,

8   allege that Plaintiff is estoped by his conduct from recovering any relief by the Complaint or any

9   purported cause of action alleged therein.

10

### SIXTH AFFIRMATIVE DEFENSE

11

#### (Privilege)

12      6.      Defendant was privileged pursuant to its contact with Plaintiff to terminate his

13  employment and thereby not pay him commissions on loans that had not closed.  Accordingly,

14  Defendant's action cannot qualify as interference with prospective economic advantage as a matter

15  of law.

16

17

### PRAYER

18      WHEREFORE, Defendant prays for judgment as follows:

19      1.      That Plaintiff take nothing by his unverified Complaint;

20      2.      That judgment be entered in favor of Defendant and against Plaintiff;

21      3.      That Defendant be awarded reasonable attorneys' fees according to proof pursuant

22  to Labor Code Section 218.5;

23      4.      That Defendant be awarded the costs of suit incurred herein; and

24  ///

25  ///

26  ///

27  ///

28  ///

1     5.    That Defendant be awarded such other and further relief as the Court may deem

2  appropriate and proper.

3

4  Dated:  October 31, 2014      SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

5

6               By

7                         THOMAS R. KAUFMAN
                         Attorneys for Defendant

8                         WELLS FARGO BANK, N.A.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:434479708.1           -3-          DEFENDANT WELLS FARGO BANK, N.A.'S ANSWER TO
                                     PLAINTIFF'S UNVERIFIED COMPLAINT

1

## SERVICE LIST

2  Timothy P. Rumberger, Esq
   Law Offices of Timothy P. Rumberger
3  1339 Bay Street
   Alameda, California 94501
4  tim@rumbergerlaw.com
   phone: 510-841-5500
5  Fax: 510-521-9700

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 1901 Avenue of the Stars, Suite 1600, Los Angeles, CA 90067-6055.

On October 31, 2014, I served true copies of the following document(s) described as **ANSWER TO COMPLAINT** on the interested parties in this action as follows:

**See Attached Service List**

x   **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐   **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address gschemerhorn@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List. The document(s) were transmitted at _____ a.m./p.m. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐   **BY CM/ECF** NOTICE **OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐   **BY OVERNIGHT DELIVERY**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October  31, 2014, at Los Angeles, California.

Gina Schemerhorn